IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 04-cv-02645-WDM-MJW

PATRICIA J. VOLKER,

    Plaintiff,

v.

T-MOBILE USA, INC.,

    Defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Miller, J.

This case is before me on the motion for summary judgment filed by defendant T-Mobile USA, Inc. (T-Mobile). Plaintiff Patricia J. Volker (Volker) opposes the motion. I have reviewed the parties' written arguments and the evidence submitted with the briefs and conclude that oral argument is not required. For the reasons that follow, I will grant the motion.

### Background[1]

This is an employment dispute lawsuit brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-1-2000e-17, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, and Colorado state law. Volker worked for T-Mobile, or its predecessor Voice Stream, at a customer call center in Colorado

---

[1] The facts presented here are drawn from the parties' summary judgment briefs and attached evidence; unless otherwise indicated, they appear to be undisputed.

Springs from approximately November 2000 until she was fired on September 29, 2003. The general manager of the call center during the relevant times was Kevin Kavanah (Kavanah).

On March 6, 2003, Kavanah promoted Volker from the position of team coach to the position of team manager. Volker was 48 years old at the time.[2] T-Mobile asserts that Volker did not perform well as a team manager; specifically, it contends that Kavanah believed she did not effectively coach and develop her teams and that her team did not perform; Kavanah counseled her and included remarks in his evaluation in August 2003[3] concerning her failure to use proper coaching methodology. Volker denies most of these statements but, as discussed below, provides no proper summary judgment evidence to support her denials.[4]

T-Mobile also found unsatisfactory Volker's attitude and conduct at several team

---

[2] Volker's date of birth is June 5, 1954.

[3] T-Mobile's statement of undisputed facts set the date of the evaluation as August 20, 2005. Presumably this is a typographical error and the correct year is 2003.

[4] Some of Volker's denials rest on differing characterizations of the evidence cited by T-Mobile. For example, she denies the statement about the August 2003 evaluation, claiming the evaluation was positive. The exhibit reflects, however, that although Volker met expectations for one criteria, she was below expectations for another. Motion for Summary Judgment, Exhibit A-7. Further, the evaluation listed more areas needing development than strengths. *Id.*

Other denials are inconsistent with Volker's own admissions. Volker denies in response to paragraph 35 of the Memorandum in Support of Motion for Summary Judgment that Kavanah believed certain statements that he made to her regarding her conduct. In her response to the very next paragraph, however, she admits that Kavanah indeed made those statements to her. Volker provides no objective evidence of Kavanah's state of mind and so challenges Kavanah's statement of his beliefs only with her own conjecture of what he thought or believed.

meetings. Volker contends other male managers engaged in similar or worse conduct but were not disciplined. She points to no evidence other than her own, self-serving affidavit to support her assertion. Volker does not deny that Kavanah counseled her regarding her failure to speak to employees on her team who made negative remarks about the company (an omission that Kavanah viewed as unacceptable) or that other team managers complained to Kavanah about her ineffectiveness.

Kavanah made the decision to terminate Volker based on his view that she lacked required leadership characteristics, was ineffective in coaching employees on her team, and failed to work well with the other managers.

Volker claims that her termination was motivated by discrimination based on her gender and age. She asserts that she was replaced by a younger, male employee and that, although female managers were terminated, male managers with worse performance records were allowed to take demotions or were actually promoted. She claims her termination also violated T-Mobile's company policies, practices, and procedures.

Volker brings four claims for relief: (1 and 2) disparate treatment and unlawful termination based on her gender and age, in violation of Title VII and the ADEA; (3) breach of contract; and (4) promissory estoppel.

T-Mobile moves for summary judgment on all claims.

### Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id*.

A plaintiff alleging employment discrimination may prove intentional discrimination by direct or indirect evidence. In the absence of direct evidence, the analysis set forth in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802-804 (1973), provides the framework for assessing indirect, or circumstantial, evidence. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000). *See generally St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506-508 (1993); *McDonnell Douglas*, 411 U.S. at 802-804.

Under this analysis, the plaintiff bears the initial burden of presenting a *prima facie* case of discrimination. *Kendrick*, 220 F.3d at 1226. The essential purpose of the *prima facie* test is to eliminate "the most common nondiscriminatory reasons for the plaintiff's rejection." *Id*. at 1227 (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253-54 (1981)); *see also St. Mary's Honor Center*, 509 U.S. at 506 (*prima facie* case "in effect creates a presumption that the employer unlawfully discriminated against the employee") (quoting *Burdine*, 450 U.S. at 254) (alteration in quoted material). If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant "to articulate

some legitimate, nondiscriminatory reason" for its action. *Kendrick*, 220 F.3d at 1226 (quoting *McDonnell Douglas*, 411 U.S. at 802). If the defendant presents such a reason, the plaintiff bears the "ultimate burden" of establishing that these proffered reasons are a pretext for unlawful discrimination. *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1167 (10th Cir. 2000). The plaintiff must show pretext by demonstrating that the defendant was more likely motivated by a discriminatory reason or that the defendant's proffered reason "is unworthy of credence." *Id.* (quotation omitted); *see also Kendrick*, 220 F.3d at 1230 (three ways of showing pretext are: (1) evidence that the defendant's stated reason for the adverse action was false; (2) evidence that the defendant acted contrary to a written company policy prescribing the action to be taken under the circumstances; or (3) evidence that defendant acted contrary to an unwritten policy or practice when making the adverse decision).

## Discussion

T-Mobile's motion is well-supported with affidavits and deposition excerpts, as well as with documents presumably drawn from its files concerning Volker's employment.[5] I find the motion meets the criteria of Rule 56(e), so that the burden shifted to Volker to present proper summary judgment evidence to preclude entry of judgment against her. Rule 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the

---

[5] The excerpts from T-Mobile's records are not verified by an affidavit or other document affirming that the documents are true and correct copies or identifying the source of the exhibits. Because Volker does not challenge the admissibility or relevance of these documents in her response, however, I will consider the evidence provided.

adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party").

Rule 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge" and that the facts set forth be admissible in evidence. Volker is not entitled to rely on the protection of the rule that "[m]aterial factual disputes cannot be resolved at summary judgment based on conflicting affidavits" unless her affidavit meets these requirements. "[C]onclusory and self-serving affidavits are not sufficient." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). Although Volker states that her affidavit is based on personal knowledge, it is replete with unsupported statements, statements based only on her belief, hearsay, and self-serving assertions not corroborated by reference to any record evidence.[6] I conclude after review that the affidavit is insufficient

---

[6] There are many problems with Volker's evidence in this case. First, she cites to her affidavit without providing specific page or paragraph numbers for the multi-page document, contrary to my Pretrial and Trial Procedures, §§ 6.3, 6.4. Second, she provides the excerpts of three depositions but nowhere identifies the deponents for Exhibits B or C. The exhibits are identified only by letter, and Volker has not provided a cover page or other reference by which I might be sure of who was providing the cited testimony.

Even aside from these procedural omissions, Volker's evidence is insufficient to create a genuine issue for trial. Volker's statement of additional facts in her response brief is taken almost verbatim from her affidavit and, with few exceptions, rests on no other evidence. This, if nothing else, demonstrates the self-serving nature of her affidavit.

In addition, Volker makes statements that appear to create factual disputes, but she ignores the crux of the evidence presented by T-Mobile. For example, she asserts that her objective performance numbers, or "metrics," were "substantially better" than those of a male team manager. Volker affidavit, ¶ 15. She fails to address T-Mobile's assertion, supported by Kavanah's affidavit, that Kavanah used the metrics only as a

to create a genuine question of material fact precluding summary judgment. *Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (at summary judgment, "'statements of mere belief' in an affidavit must be disregarded") (quotation omitted); *Salguero v. City of Clovis*, 366 F.3d 1168, 1177 n. 4 (10th Cir. 2004) (assertions in affidavit that were not supported in the record by corroborating evidence are insufficient to create a genuine question of material fact precluding summary judgment). Further, Volker's failure to raise a genuine issue of material fact by means of other, proper summary judgment evidence compels me to accept the evidence provided by T-Mobile as undisputed.

Therefore I consider only whether, based on the facts as presented by T-Mobile, T-Mobile is entitled to summary judgment as a matter of law.

With regard to Volker's gender and age discrimination claims, T-Mobile assumes for purposes of its motion for summary judgment that she can establish a *prima facie* case. It asserts that her termination was based on Kavanah's belief that her performance was substandard and that she did not get along with the other team managers. The operative question, therefore, is whether Volker can raise an inference that T-Mobile's stated reasons were a pretext for unlawful discrimination based on either gender or age.

Since the parties filed their summary judgment briefs, the Tenth Circuit has adopted the "same actor" inference followed by other circuits. *Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1183 (10th Cir. 2006). As the *Antonio* court stated:

---

baseline and included other factors in his evaluation of team managers. Kavanah affidavit, Exhibit A-4, at ¶ 10.

>in cases where "the employee was hired and fired by the same person within a relatively short time span," there is "a strong inference that the employer's stated reason for acting against the employee is not pretextual." . . . We emphasize, however, that "[t]he plaintiff still has the opportunity to present countervailing evidence of pretext" . . . and that "same actor" evidence gives rise to an inference, rather than a presumption, that no discriminatory animus motivated the employer's actions[.]

458 F.3d at 1183 (alterations other than last in original; citation and footnote omitted).

Because Volker has not presented any adequate countervailing evidence, she has not overcome the inference that Kavanah's decision to terminate her, made approximately six months after his decision to promote her, was not pretextual.[7]

T-Mobile is entitled to summary judgment on the Title VII and ADEA claims.

With respect to the breach of contract and promissory estoppel claims, Volker provides more than four pages of allegedly pertinent legal authority, based primarily on *Continental Airlines, Inc. v. Keenan*, 731 P.2d 708 (Colo. 1987). She omits any application of the facts of the case to that law, however. *See Mitchell v. City of Wichita, Kansas*, 140 Fed. Appx. 767, 781 n. 16 (10th Cir. 2005) (2005 WL 1635381) ("It is the party's, and not

---

[7] Volker refers to allegedly disparate treatment of men and women by Kavanah in an attempt to establish pretext. She does not establish that other employees were similarly situated to herself or to each other. *See MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1277 (10th Cir. 2005) (to show employees were similarly situated, plaintiff must provide some evidence that the targeted employees (1) dealt with the same supervisor, (2) were subject to the same work standards, and (3) had engaged in the same conduct without differentiating or mitigating circumstances). Volker also does not adequately discount T-Mobile's evidence that Kavanah did discharge male employees rather than only demoting them and did demote some female employees rather than terminating them. In attempting to distinguish her case from the employees referenced by T-Mobile, for example, she asserts in her affidavit only that "if" a company policy remained unchanged, then Kavanah did not directly supervise those employees. Volker Affidavit, at ¶¶ 9, 11. She does not provide any evidence of whether the policy remained in place or not.

8

the district court's function, to present the material facts to the court and then, *in its analysis, apply those facts to the law.* It is not the court's role to hunt through the briefing and determine whether facts lurking in the background support a particular legal contention for which the party did not offer them") (emphasis added); *see also Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) (legal discussion in response to summary judgment made only seven references to attached materials; district court is not required to act as an advocate and comb through record to make the party's case for it).

Despite the fact that she recognizes that "determining the propriety of a claim on a case by case basis requires not only analyzing the contents of the written policies, practices and/or procedures," as well as the employer and employee's views thereof, Response at 29, Volker neither presents me with the relevant employment documents nor informs me what language set forth in any of T-Mobile's exhibits is the basis for her claims. Instead, she merely relies on the fact that the exhibits provided by T-Mobile were issued by its predecessor, Voice Stream, to avoid the implications of her signatures on documents acknowledging that she was an at-will employee.[8]

Without any argument based on the specific employment documents or facts at issue in this case, I am compelled to conclude that T-Mobile is entitled to judgment as a matter of law on the contract and promissory estoppel claims.

---

[8] Volker also cites in her statement of additional facts to deposition testimony of T-Mobile's human resources representative taken in another case, *Berry v. T-Mobile USA, Inc.*, Civil Action No. 04-cv-01494-LTB-OES. The cited testimony does not appear to quote from any of the policies (even assuming the policies would be the same as in this case).

9

Accordingly, it is ordered:

1. T-Mobile's motion for summary judgment, filed December 1, 2005 (Docket No. 13), is granted.

2. This case is dismissed.

3. T-Mobile may have its costs.

DATED at Denver, Colorado, on March 28, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge